**Ramon COSME, Plaintiff–Appellant,**

v.

**Sergeant FURMAN, Kamus, Correction Officer, Clark, Correction Officer, John Doe # 1 Through # 4, All of the Southport Correctional Facility, DOCS, NYS, In their Individual and Official Capacities, Defendants–Appellees.**

No. 08–6276–pr.

United States Court of Appeals, Second Circuit.

April 26, 2010.

Ramon Cosme, Napanoch, NY, pro se.

Martin A. Hotvet, Assistant Solicitor General, (Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General, of counsel) Albany, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.*

### SUMMARY ORDER

Plaintiff Ramon Cosme appeals from the November 7, 2008 judgment of the District Court granting defendants' motion for summary judgment, denying plaintiff's motion for summary judgment, and dismissing plaintiff's complaint. On appeal, plaintiff argues that the District Court erred in failing to consider whether Cosme's failure to exhaust his administrative remedies should be excused under the equitable rule established in *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004). We assume the parties' familiarity with the facts and procedural history of this case.

In *Hemphill*, we set forth a three-step inquiry for analyzing whether a prisoner's failure to exhaust all administrative remedies should be excused. 380 F.3d at 686. Specifically, the District Court should have considered (1) whether administrative remedies were available, (2) whether defendants may have forfeited the affirmative defense of nonexhaustion by failing to raise the claim in the pleadings, or whether defendant's own actions inhibiting an inmate's exhaustion may estop the defendant from raising plaintiff's failure to exhaust as an affirmative defense, and (3) whether special circumstances have been plausibly alleged that justify plaintiff's failure to fully exhaust all administrative remedies. *Id.*

---

* The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

Here, the District Court failed to conduct this inquiry to determine if Cosme's failure to exhaust is excusable. Because of the fact-specific nature of such an inquiry, the judgment of the District Court is **VACATED** and the cause is **REMANDED** to the District Court for further proceedings consistent with this order.